UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SHENEMAN,

    Plaintiff,                                    Hon. Janet T. Neff

v.                                              Case No. 1:19-CV-147

STATE OF MICHIGAN,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 15). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.

In his complaint, Plaintiff alleges the following. (ECF No. 1). Approximately twelve years ago, Plaintiff was charged by the State of Indiana with four felonies involving allegations that engaged in unlawful sexual activity with a 15-year old girl. These charges were ultimately dismissed after Plaintiff agreed to plead guilty to a lesser felony charge. Plaintiff was neither sentenced to any term of incarceration nor required to register as a sex offender in the state of Indiana. When Plaintiff "recently" moved to Michigan, however, he was informed by the State of Michigan that he was required to register as a sex offender. Plaintiff alleges that because he has to register as a sex offender in Michigan, he is unable to obtain employment. Plaintiff initiated the present action against the State of Michigan seeking $275,000 in "damages" and "punitive damages" to compensate him for his "inability to find work." The State of Michigan now moves to dismiss Plaintiff's complaint on the ground that such is prohibited by the Eleventh Amendment.

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in federal court, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-102 (1984). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Furthermore, the State of Michigan is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002). Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (ECF No. 15), be **granted** and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: October 17, 2019        /s/ Ellen S. Carmody
                               ELLEN S. CARMODY
                               United States Magistrate Judge